REDMANN, Judge
(dissenting).
A compromise must be in writing, C.C. art. 3071.
*93 The only writing by Ochsner was his letter of February 14, 1968, reciting, in part,
“ * * * I did agree to pay the remaining $19,000 he requested, with the understanding that a partial payment would first be made (I sent him $5,000-00) and the remainder of the payment would be given him after the following had been finished or corrected to my satisfaction:
******

“Upstairs

******

“Back bedrooms

1. Shore up foundation to prevent the present sinking of the floors between the two rooms, which was preventing closure of the closet doors and the doors leading from the rooms, and was causing cracking of plaster in bedrooms and closets. (This has not been done. Only the bottom of the doors have been shaved down to allow them to open.)
******
“ * * * As per our agreement, it is my intention to pay Paul [Charbonnet] the remaining $14,000.00 when all the work has been satisfactorily completed.”
In my opinion, since Charbonnet did not accept in writing, and does not now accept, as part of the compromise, an obligation at his cost to “shore up the foundation to prevent the present sinking of the floors”, there is no compromise.
The whole purpose of art. 3071’s requirement that compromise be reduced to writing is exactly to avoid dispute as to what the compromise terms were. Otherwise art. 3071’s stated purpose of compromise, “for preventing or putting an end to a lawsuit,” will be defeated. There will result only a trading of one dispute for another.
In my opinion this matter should be remanded for proceeding on the original cost-plus contract.
Rehearing denied.
REDMANN, J., is of the opinion that the rehearing should be granted.